IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. 4:23-bk-00255-MJC |
| ANNA MCHENRY, | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| | ) | |
| ANNA MCHENRY, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 4:24-ap-00036-MJC |
| | ) | |
| v. | ) | |
| | ) | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST AS TRUSTEE FOR PNPMS TRUST III and STATEBRIDGE COMPANY, LLC | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT[1]

### INTRODUCTION

1.  Plaintiff is a 65-year-old single mother who lives paycheck-to-paycheck and cares for her disabled adult son. In 2006, her son needed an accessible van. Unable to obtain conventional vehicle financing, she borrowed about $16,600 against her home. She eventually became unable to make the monthly payment of $226.90 and was forced into bankruptcy to save the home. When she filed the bankruptcy, 17 years later, the mortgagee asserted that she had paid only about $4,600 of principal and that the principal balance owed on her mortgage was just over $12,000. Additionally, the interest (at an APR of 14.56%) and various fees that Defendants assert

---

[1] This amendment is filed "as a matter of course" pursuant to Fed.R.Bankr.P. 7015 and Fed.R.Civ.P. 7015(a)(1)(B).

they were already entitled to recover by that point were over $15,000. This left Plaintiff with a balance of more than $27,000 on the loan – almost $10,00 more than the amount she borrowed 17 years prior. But that was not enough for Defendants. They additionally demanded $1,750 in attorney's fees for the minimal attorney time spent in her bankruptcy case. Not only are those fees excessive, but the mortgage company is actually prohibited from attempting to collect fees for bankruptcy-related work. Finally, long after the loan had been charged off and the lender had stopped collecting interest, Defendant *retroactively* imposed unlawful interest for which no monthly billing statement had been sent.

2. This action seeks, *inter alia*: (a) a declaration that she has no liability to pay the fees; (b) damages from the mortgage company and its servicer under Pennsylvania's Loan Interest and Protection Law and under the FDCPA for the unlawful efforts to collect those fees; (c) damages under RESPA for the refusal to comply with its statutory duty to provide information that she requested regarding the claimed fees; (d) damages under TILA for the refusal to provide a payoff figure upon request; (e) damages for the imposition of interest for any period in which a periodic statement was not sent as required by TILA; and (f) damages for violating Pennsylvania's Unfair Trade Practices and Consumer Protection Law.

## **PARTIES**

3. Plaintiff, Anna McHenry, resides at 324 Main Street, Lopez, PA 18628.

4. Defendant Wilmington Savings Fund Society, FSB ("Wilmington") is a national bank with a principal place of business of 500 Delaware Avenue, Wilmington, DE 19801.

5. Defendant Statebridge Company, LLC ("Statebridge") is a limited liability company with a principal place of business of 6061 South Willow Drive, Suite 300, Greenwood Village, CO 80111.

## JURISDICTION AND VENUE

6. Jurisdiction over Count I and Count II is proper under 28 U.S.C. §1334 because resolution of those counts could result in a reduction of the amount that is being sought from Plaintiff in his Chapter 13 case, and therefore those counts are "related to" a case under Title 11. Counts III, IV, and V each assert federal claims and the District Court will have original jurisdiction over those claims. Count VI asserts a related state law claim over which the District Court will have supplemental jurisdiction pursuant to 28 U.S.C. § 1367. At an appropriate time, Plaintiff will file a motion to withdraw the reference.

7. Venue is proper in this District as the main bankruptcy case is located in this District and the acts alleged occurred in this District.

8. This is a non-core proceeding and Plaintiff does not consent to final judgment by the bankruptcy court.

## FACTS

9. Plaintiff is the owner of the real estate located at 324 Main Street, Lopez, PA 18628 ("the Residence").

10. In 2006, Plaintiff signed a combined note and security agreement pursuant to which she took out a loan ("the Loan") and granted a mortgage ("the Mortgage") in the Residence.

11. Wilmington is the current holder of the Mortgage.

12. Statebridge services the Mortgage for Wilmington.

13. In 2022, Wilmington filed a Complaint in Foreclosure in the Court of Common Pleas of Sullivan County, Pennsylvania at Docket No. 2022-CV-0129 alleging that Plaintiff was delinquent on the Mortgage.

14. Wilmington obtained a judgment in that matter and a Sheriff Sale was scheduled for February 16, 2023.

15. On February 6, 2023, Plaintiff filed in this district a voluntary petition under Chapter 13 of the bankruptcy code at Docket No. 4:23-bk-00255-MJC ("the Bankruptcy Case").

16. Pursuant to 11 U.S.C. § 362(a), the filing of the Bankruptcy Case operated as an automatic stay of efforts to collect the Mortgage. Therefore, the scheduled Sheriff Sale was not conducted.

17. On February 6, 2023, Plaintiff filed a Chapter 13 Plan which proposed to pay the Mortgage in full. (Docket No. 4:23-bk-00255-MJC, DE # 5, § 2.D).

18. On or about April 14, 2023, Statebridge filed a claim (Claim 4-1) on behalf of Wilmington alleging that the balance owed on the Mortgage was $27,026.98.

19. On or about April 18, 2023, Statebridge filed an Objection to Confirmation of Plan alleging that the Plan proposed to pay only $26,582 rather than the full claim of $27,026.98; that Plaintiff needed "an additional $7.41 per month in order to pay the arrears" of Wilmington; and that the Plan was not proposed in good faith. (Docket No. 4:23-bk-00255-MJC, DE # 19).

20. Plaintiff filed an Amended Plan on April 21, 2023. (Docket No. 4:23-bk-00255-MJC, DE # 20).

21. Statebridge withdrew its Objection on May 2, 2023. (Docket No. 4:23-bk-00255-MJC, DE # 22) and the Amended Chapter 13 Plan was confirmed on June 2, 2023. (Docket No. 4:23-bk-00255-MJC, DE # 26).

22. On or about June 1, 2023, Statebridge filed a Notice of Postpetition Mortgage Fees.

23. The Notice indicated that Statebridge would seek to recover from Plaintiff charges incurred to the Mortgage in the following amounts:

|   |                    |                               |          |
|---|--------------------|-------------------------------|----------|
| a. | Attorney fees     | 04/06/2023 – Plan Review      | $475.00  |
| b. | Attorney fees     | 04/18/2023 – Objection to Plan | $550.00  |
| c. | Proof of claim fees | 04/14/2023 – Proof of Claim  | $725.00  |

24. On or about June 15, 2023, Plaintiff's attorney sent to Statebridge the letter attached hereto as Exhibit A ("the First Request").

25. The First Request inquired as to the alleged legal basis for imposition of the fees along with the time records for the fees and other documents to substantiate the amounts charged.

26. On or about August 7, 2023, Statebridge sent the letter attached hereto as Exhibit B ("the First Response").

27. The First Response related to the First Request but did not provide all of the information that had been requested.

28. More specifically, Statebridge stated that the fees were authorized by the mortgage and were "presumed reasonable" under Fannie Mae guidelines but refused to provide time records or other substantiation for the fees.

29. Moreover, Statebridge failed to explain how or why it believed the fees were permissible under Pennsylvania's Act 6.

30. On or about October 16, 2023, Plaintiff's attorney sent to Statebridge the letter attached hereto as Exhibit C ("the Second Request").

31. The Second Request sought the information that had not been provided in the First Response.

32. Plaintiff incurred a postage expense of $0.88 for the Second Request.

33. The Second Request also requested a current payoff figure.

34. On or about December 6, 2023, Statebridge requested additional time to respond to the Second Request.

35. As of February 22, 2024, Plaintiff had not received a response.

36. On or about February 22, 2024, Plaintiff's attorney sent to Statebridge the letter attached hereto as Exhibit D ("the Third Request").

37. The Third Request again demanded the information that was not included in the First Response.

38. Plaintiff incurred a postage expense of $0.88 for the Third Request.

39. The Third Request incorporated the Second Request, including the request for a current payoff figure.

40. On or about May 21, 2024, Statebridge sent the letter attached hereto as Exhibit E ("the Second Response").

41. The Second Response reiterated that Statebridge had complied with applicable law but did not provide any additional information that was missing from the First Response.

42. Moreover, the Second Response did not provide a current payoff figure.

43. On or about May 28, 2024, Plaintiff filed in the Bankruptcy Case a Motion to Determine Postpetition Mortgage Fees. (Docket No. 4:23-bk-00255-MJC, DE # 27).

44. On or about June 11, 2024, Statebridge filed an Objection to this Motion. (Docket No. 4:23-bk-00255-MJC, DE # 30).

45. For the reasons stated in this Motion as well as the reasons set forth below, the fees Statebridge and/or Wilmington seeks to collect violate Pennsylvania's Act 6 because Act 6 does not permit the imposition of attorney's fees related to bankruptcy.

6

Case 4:24-ap-00036-MJC    Doc 12    Filed 08/15/24    Entered 08/15/24 09:26:39    Desc
Main Document    Page 6 of 19

46. Additionally, the fees Statebridge and/or Wilmington seeks to collect are unreasonable as Statebridge has refused to substantiate its fees beyond a barren and conclusory response that they are "presumed reasonable" by Fannie Mae.

47. The above-described collection communications made to Plaintiff by Statebridge violate the FDCPA.

48. Statebridge's refusal to provide the information requested by Plaintiff violates RESPA.

49. Statebridge's failure to provide a payoff figure upon request by Plaintiff also violates TILA.

50. According to Statebridge's Proof of Claim, the Loan remains contractually due for January 9, 2017.

51. Statebridge's Proof of Claim does not contain a full history of the account dating back to January 9, 2017.

52. From January 2017, Plaintiff did not receive periodic statements.

53. Such statements must be sent if a lender or servicer seeks to charge or recover interest. *See* 15 U.S.C. § 1638(f)(1); 12 C.F.R. § 1026.41(a)(2); *see also, id*. at § 1026.41(e)(6)(ii)(B).

54. Defendants assessed interest for a period in which periodic statements were not sent.

55. Since Plaintiff never received periodic statements for the period during which Defendants are attempting to assess interest, Defendants have no legal right to seek to collect those amounts from Plaintiff.

7

Case 4:24-ap-00036-MJC    Doc 12    Filed 08/15/24    Entered 08/15/24 09:26:39    Desc
Main Document    Page 7 of 19

56. Additionally, it is unfair and deceptive for Defendants to assess interest for periods during no periodic statements were sent or for periods during which there was no other indication that interest was accruing.

**COUNT I**
**DECLARATORY JUDGMENT**

57. Plaintiff incorporates paragraphs 1 through 56 above as if the same were set forth more fully at length herein.

58. Plaintiff requests a declaratory judgment that the attorney's fees requested by Defendants are unreasonable for four separate reasons: (1) the fees are not authorized by the Mortgage; (2) the fees are not authorized under Pennsylvania's Act 6; (3) the fees are not presumed reasonable by the Foreclosure Law and no evidence has been provided that the fees were incurred; and (4) the fees are manifestly unreasonable.

**Fees for Work Performed in Bankruptcy Are Not Authorized by the Mortgage**

59. The "American Rule" provides that attorney's fees are recoverable from an adverse party only if provided for by contract or statute. No statute provides independent authorization for a mortgagee to generally recover from a borrower attorney's fees that the mortgagee incurs. Thus, the fees would be recoverable only if provided for contractually.

60. The Mortgage does not provide a contractual basis to recover fees from Plaintiff.

61. Paragraph 17 of the mortgage document states that the lender "may foreclose this Mortgage by judicial proceeding" and that "Lender shall be entitled to collect **in such proceeding** all expenses **of foreclosure**, including … reasonable attorneys' fees. . ." (emphasis added).

62. Paragraph 17 makes clear that reasonable attorneys' fees are only authorized for fees in the foreclosure proceeding and for expenses "of foreclosure."

63. Paragraph 17 does not authorize fees for bankruptcy-related attorney's fees.

8

64. Bankruptcy-related attorney's fees are not expenses "of foreclosure."

65. To the contrary, from the time Plaintiff filed her Petition in the Bankruptcy Case, the mortgage is deemed current by operation of law.

66. Therefore, fees incurred in bankruptcy cannot possibly be considered expenses "of foreclosure" since the mortgage is deemed current.

67. The mortgage document does not provide an exception to the American Rule Defendants are not entitled to recover fees from Plaintiff for bankruptcy-related services.

### **Fees for Work Performed in Bankruptcy Are Not Authorized by Act 6**

68. The Loan Interest and Protection Law, 41 P.S. § 101 et seq., which is commonly known and referred to as Act 6, is one of several consumer protection laws which was passed in order to protect consumer borrowers in various credit transactions.

69. Act 6 was designed to protect consumers in residential mortgage settings.

70. Section 406 of Pennsylvania's Act 6 provides that:

> With regard to residential mortgages, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:
>
> (1) Reasonable fees for services included in actual settlement costs.
>
> (2) Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor.
>
> (3) Prior to commencement of foreclosure or other legal action attorney's fees which are reasonable and actually incurred not in excess of fifty dollars ($50) provided that no attorney's fees may be charged for legal expenses incurred prior to or during the thirty-day notice period provided in section 403 of this act.

Loan Interest and Protection Law. Act 6. 41 P.S. § 406.

71. Act 6 places very stringent guidelines upon lenders regarding the amount and extent to which they can recover the lender's attorney fees from the debtor. See *In re Stanley*, 5-17-bk-00884-JJT; *In re Schwartz*, 68 B.R. 376 (E.D. Pa. 1986); *In re Graboyes*, 223 Fed. Appx. 112, 117 (3d Cir 2007).

72. Section 406 does not provide for the recovery of attorney fees incurred in bankruptcy proceedings.

73. Section 406(2) of Act 6 is clearly designed and meant to limit recovery of attorneys fees to those reasonable fees, actually incurred, during a *mortgage foreclosure*.

74. The central purpose behind Act 6 was to control and limit what residential lenders could charge residential mortgage debtors.

75. Other than specific fees related to foreclosure proceedings, the residential mortgage lender cannot shift those costs on to the residential mortgage Debtor. *See, e.g., In re Olick*, 221 B.R. 146 (Bankr. E.D. Pa.1998) ("legal fees incurred for pursuing collection activities against the Debtors in Bankruptcy Court are not allowable because the collection of such fees is contrary to Act 6."); *In re Graboyes*, 223 Fed. Appx. 112, 117 (3d Cir. 2007) (holding that "other legal action," refers to actions by lenders "to enforce a mortgage obligation in the manner of a foreclosure action, and not to a matter filed to attempt to advance the mortgagee's position in bankruptcy court.").

### Fees for Work Performed in Bankruptcy Are Not Presumed Reasonable by the Foreclosure Law

76. In addition to Act 6, Pennsylvania's Foreclosure Law provides for an additional limitation on attorney's fees. 68 Pa.C.S. § 2311.

77. Attorney's fees are "presumed reasonable" under this statute only if they "are actually incurred for the enforcement of a mortgage obligation in this Commonwealth." 68 Pa.C.S. § 2311(a)(2)(ii)(emphasis added).

10

78. As with the cases interpreting Act 6, it cannot be said that fees related to bankruptcy are "for the enforcement of a mortgage obligation."

79. Thus, these fees are not "presumed reasonable" under this statute.

80. Plaintiff has requested records documenting the time spent by Statebridge's attorneys but no records have been provided.

81. Statebridge cannot prove that its fees were reasonable or actually incurred as required by 68 Pa.C.S. § 2311.

### The Fees Requested Were Not Reasonable

82. Defendants are attempting to charge Plaintiff a total of $1,750.00 for the filing of a Proof of Claim, Plan Review, and Objection to Plan.

83. These fees are not reasonable.

84. Statebridge has refused to provide evidence of the hourly rate charged by its attorneys and staff.

85. Statebridge has refused to provide evidence of the actual hours expended on these tasks.

86. Administrative work should be paid only at an administrative rate.

87. Statebridge is demanding from Plaintiff $725.00 for Proof of Claim.

88. One would question why an attorney would need to prepare a Proof of Claim where creditors routinely prepare their own.

89. Even if an attorney were required, the preparation of a Proof of Claim is not a task that requires a law license and therefore, cannot command the fees associated with "attorney work."

90. $725 for the preparation of the Proof of Claim is unreasonable.

91. Statebridge is demanding from Plaintiff $475.00 for Plan Review.

92. The model plan was designed to be read in a matter of minutes.

93. The first page contains check boxes to warn creditors of whether there are motions to value or nonstandard language.

94. On Plaintiff's plan, neither box was checked.

95. Because there were no check boxes checked on the first page of the Plan, a secured creditor's review of the plan could be much more streamlined. The creditor merely needs to determine how its claim is treated.

96. In this case, Statebridge and its attorneys should have been able to see within a few minutes that Plaintiff proposed to pay its claim in full.

97. The amount demanded is unreasonable.

98. Statebridge is demanding from Plaintiff $550.00 for Objection to Plan.

99. The four-paragraph objection asserted simply that: (1) the pre-petition arrears as stated in the plan were only $26,852 rather than the $27,026.98 that Statebridge identified in its claim and (2) that the debtor's budget was short $7.41 per month to pay the arrearage that Statebridge claimed.

100. $550.00 is not a reasonable amount for this service.

**WHEREFORE,** Plaintiff requests a judgment finding that the fees charged were not authorized under the terms of the Mortgage, not authorized under Act 6, and were not reasonable.

**COUNT II**
**Loan Interest and Protection Law ("LIPL")**
**41 P.S. §§ 201, *et seq.***

101. Plaintiff hereby incorporates paragraphs 1 through 100 above as if the same were set forth more fully at length therein.

102. Defendants have attempted to collect from Plaintiff attorney's fees prohibited by law or in excess of fees that are allowed by law.

103. The LIPL provides for, among other things, damages, declaratory and injunctive relief, and attorneys' fees and costs. 41 P.S. §§ 501, 502, 503.

**WHEREFORE**, Plaintiff requests a judgment finding that the fees charged were not authorized under the terms of the Mortgage, were not authorized under Act 6, were not necessary, and were not reasonable. Plaintiff additionally requests an award of damages, attorney's fees, and costs.

### COUNT III
### Fair Debt Collection Practices Act ("FDCPA")
### 15 U.S.C. §1692 et seq.

104. Plaintiff hereby incorporates paragraphs 1 through 103 above as if the same were set forth more fully at length therein.

105. The Mortgage is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

106. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

107. Defendants regularly attempt to collect debts asserted to be due to another. The term "debt" is used in this allegation as that term is defined by 15 U.S.C. § 1692a(5).

108. Statebridge's website says "Statebridge Company, LLC is a loan servicer and a portion of our business involves the collection of debts." https://www.statebridgecompany.com/3322-2/.

109. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

110. Defendants' attempt to charge Plaintiff for interest and attorney's fees that they were not authorized to charge or which are unable to be substantiated violates the FDCPA, including §§ 1692d, e, e(2), e(5), e(10), f, and f(1).

111. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants for damages, costs, and attorney's fees.

### COUNT IV
### Real Estate Settlement Procedures Act ("RESPA")
### 12 U.S.C. § 2605 and 12 C.F.R. § 1024.36

112. Plaintiff hereby incorporates paragraphs 1 through 111 above as if the same were set forth more fully at length herein.

113. Residence is residential real property designed principally for the occupancy of one family.

114. The Loan was not a construction loan or other temporary financing.

115. On the date the Loan was originated, the issuer was regulated by an agency of the federal government.

116. On the date the Loan was originated, the issuer made or invested in residential real estate loans aggregating more than $1,000,000 per year. This allegation is likely to have evidentiary support after a reasonable opportunity for discovery.

117. The Loan is a "federally related mortgage loan" as that term is defined in 12 U.S.C. § 2602(1).

118. The First Request, the Second Request, and The Third Request (jointly "the Requests") were each a correspondence that was not written on a payment coupon or other payment medium supplied by the servicer.

119. Each of the Requests included the name and account number of the borrower.

120. Each of the Requests provided sufficient detail regarding information sought by the borrower.

121. Therefore, each of the Requests was a Qualified Written Request ("QWR"), as defined by 12 U.S.C. § 2605(e)(1)(B).

122. Additionally, each of the Requests was also a Request for Information ("RFI"), as described in Regulation X, 12 C.F.R. § 1024.36(a).

123. When a servicer of a federally related mortgage loan receives a QWR from a borrower's agent asking for information relating to the servicing of the loan, the servicer must respond within 30 business days pursuant to 12 U.S.C. § 2605(e)(2) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

124. Despite sending multiple requests, as of the filing of this action Statebridge has not provided the information requested by Plaintiff.

125. More specifically, Statebridge has failed to provide substantiation for the attorney's fees charged including the time spent and the hourly rate charged.

126. Statebridge has also failed to provide information related to servicing of the Loan including the date Statebridge began servicing the mortgage account, the name of the prior servicer, and the effective date of the transfer of servicing to Statebridge.

127. Statebridge's conduct in willfully refusing to acknowledge to provide the information requested in the Requests establishes a pattern or practice of noncompliance with the requirements of 12 U.S.C. § 2605 and 12 C.F.R. § 1024.36.

128. Statebridge's refusal to provide the information requested in the First Request necessitated the preparation and sending of the Second Request and the Third Request and has therefore caused Plaintiff to incur postage expense to obtain the information from the Defendant.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant Statebridge for actual damages, statutory damages pursuant to 12 U.S.C. §

15

Case 4:24-ap-00036-MJC    Doc 12    Filed 08/15/24    Entered 08/15/24 09:26:39    Desc
Main Document    Page 15 of 19

2605(f)(1)(B), costs and reasonable attorney's fees pursuant to 12 U.S.C. § 2605(f)(3), and such other and further relief as may be just and proper.

## COUNT V
## Truth in Lending Act ("TILA")
## 15 U.S.C. §§ 1639g and 1640(a)

129. Plaintiff hereby incorporates paragraphs 1 through 128 above as if the same were set forth more fully at length herein.

130. The Loan was a closed-end consumer credit transaction.

131. The Second Request and the Third Request each contained a request for a statement of the total outstanding balance that would be required to pay the consumer's obligation in full.

132. Prior to the filing of this adversary proceeding, Defendants did not provide the payoff statement that was requested in each of those letters.

133. Pursuant to 15 U.S.C. § 1639g, Defendants were required to provide the requested statement within a reasonable time, but in no case more than seven business days after receiving the request.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Wilmington for actual damages, statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(A), costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1640(a)(3), and such other and further relief as may be just and proper.

## COUNT VI
## Violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL")
## 73 P.S. §§ 201-1, et seq.

134. Plaintiff hereby incorporates paragraphs 1 through 133 above as if the same were set forth more fully at length herein.

16

135. Plaintiff and Defendants are persons, the Loan was used to buy goods or services for personal, family, and/or household use, and Defendants' conduct is trade or commerce under the UTPCPL. 73 P.S. §§ 201-2(2), (3), 201-9.2.

136. Defendants' actions and practices constitute as unfair methods of competition or unfair or deceptive acts or practices under the UTPCPL because Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding. 73 P.S. § 201-2(4)(xxi).

137. Defendants' actions and practices also constitute as unfair methods of competition or unfair or deceptive acts or practices under the UTPCPL because: Defendants' conduct violated the FDCPA, as explained above and in violation of 73 P.S. § 2270.4(a); Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse, in violation of 73 P.S. § 2270.4(b)(4); Defendants used false, deceptive, and misleading representations, in violation of 73 P.S. § 2270.4(b)(5); and Defendants used unfair and unconscionable means, in violation of 73 P.S. § 2270.4(b)(6). 73 P.S. § 2270.5(a).

138. Defendants' use of unfair methods of competition or unfair or deceptive acts or practices in the conduct of trade or commerce violates 73 P.S. § 201-3.

139. Defendants' imposition of illegal interest is a violation of the UTPCPL.

140. Plaintiff lost money or property because of Defendants' violations.

**WHEREFORE**, pursuant to 73 P.S. § 201-9.2, Plaintiff respectfully requests that judgment be entered against Defendant for actual damages, statutory damages, treble damages, costs and attorneys' fees, and such additional relief the Court deems necessary or proper.

17

Case 4:24-ap-00036-MJC    Doc 12    Filed 08/15/24    Entered 08/15/24 09:26:39    Desc
Main Document    Page 17 of 19

## COUNT VII[2]
## Motion to Determine Postpetition Mortgage Fees, Expenses & Charges
## Fed. R. Bank. P. 3002.1

141. Plaintiff hereby incorporates paragraphs 1 through 140 above as if the same were set forth more fully at length herein.

142. Defendants filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges on June 1, 2023 (the "Notice").

143. Federal Rule of Bankruptcy Procedure 3002.1 provides for the filing of such notices and motion to determine whether "payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law," and that such motions be filed within one year. Fed. R. Bank. P. 3002.1(e).

144. Plaintiff filed this Motion within the main bankruptcy case and has requested that the Motion be consolidated with the instant adversary proceeding.

145. The Notice indicates charges to incurred to the Loan of:

    a. Attorney fees     04/06/2023 – Plan Review     $475.00

    b. Attorney fees     04/18/2023 – Objection to Plan     $550.00

    c. Proof of claim fees     04/14/2023 – Proof of Claim     $725.00

146. The imposition of these fees was unlawful.

147. Alternatively, even if a fee in some amount for these services would have been lawful, the amounts charged here were unreasonable.

**WHEREFORE,** Plaintiff requests an order that none of the fees identified on the Notice

---

[2] This count duplicates the relief sought in *Motion to Determine Postpetition Mortgage Fees, Expenses, & Charges of Wilmington Savings Fund Society, FSB*, Docket 4:23-bk-00255-MJC, Doc. 27. Debtor has, with Defendant's consent, asked the Court to consolidate that motion with this adversary proceeding. (See *Debtor's Motion to Consolidate Proceedings*, 4:23-bk-00255-MJC Doc. 38.) This count is included here with the expectation the Court will grant that consolidation motion. If the Court denies that consolidation motion, then Plaintiff would agree to strike this count.

may be assessed to the Loan or otherwise recovered from Debtor.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues.

                                Respectfully submitted:

By:    /s/ Patrick J. Best
        Patrick J. Best, 309732
        ARM Lawyers
        18 N. 8th Street
        Stroudsburg PA 18360
        (570) 420-7431

        Carlo Sabatini, 83831
        Sabatini Law Firm, LLC
        216 N. Blakely St.
        Dunmore, PA 18512
        (570) 614-4444

19

Case 4:24-ap-00036-MJC    Doc 12   Filed 08/15/24   Entered 08/15/24 09:26:39   Desc
Main Document   Page 19 of 19